GARY E. HICKMAN
Attorney at Law
1800 West Katella Avenue, Suite 101
Orange, California 92867-3449
State Bar #76770
(714) 997-3335 / FAX: (714) 997-3379

Attorney for Defendant, NICKEY
PETROLEUM CO., INC.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 MAY 19  PM 3:59

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

In re                                ) Chapter 11
                                     )
    NATIONSRENT, INC.,               ) Jointly Administered
    a Delaware corporation,          ) Case Nos 01-11628 thru
                                     )           01-11639 (PJW)
                Debtors.             )
                                     )
─────────────────────────────────────)
                                     )
NATIONSRENT UNSECURED CREDI-         )
TOR'S LIQUIDATING TRUST,             ) NO. 04-CV-1085 KAJ
PERRY MANDARINO, not personally)
but as Trustee,                      )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )
                                     )
NICKEY PETROLEUM CO., INC.,          )
                                     )
                Defendant.           )
                                     )

ANSWER OF DEFENDANT NICKEY PETROLEUM CO., INC.

TO COMPLAINT OF THE UNSECURED LIQUIDATING TRUST

    Defendant, NICKEY PETROLEUM CO., INC., a California
corporation with its principal offices in Atwood, California,

- 1 -
ANSWER TO COMPLAINT

responds to the One-Count Complaint herein by admitting, denying, and alleging as follows:

1. In answer to paragraphs 1, 2, 4, 5, 6, 7, 9, 10 and 11, this Defendant ADMITS.

2. In answer to paragraphs 14 and 15, this Defendant denies, generally and specifically, each and every allegation thereof.

3. In answer to paragraphs 12 and 13, this Defendant lacks sufficient information or believe in order to enable it truthfully to admit or to deny the said allegations and, basing its denial thereon, denies generally and specifically each and every allegation.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

4. This Defendant did business with the Debtor in Bankruptcy prior to, during, and following the preference period.

5. The payments claimed as preferential in this case were, in fact, made in the ordinary course of business and according to normal business terms within the industry and as between this Defendant and the Debtor.

///

ANSWER TO COMPLAINT

*Second Affirmative Defense*

6. Following receipt of the payments alleged by Plaintiff to have been preferential payments, Plaintiff provided to the Debtor new value consisting of fuel and lubricants. Such new value reduces or totally defeats any claims of preference.

WHEREFORE, Defendant prays Plaintiff take nothing by this suit, that Defendant be awarded its costs of suit, and for such further and additional relief as the Court deems just and proper.

DATED: May 4, 2005

                                            GARY E. HICKMAN
                                            Attorney for Defendant, NICKEY PETROLEUM CO. INC.

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party of this action. My business address is 1800 W. Katella Avenue; Suite 101; Orange, California 92867.

On May 14, 2005 I served the foregoing document described as: ANSWER TO COMPLAINT on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Paul Kizel
LOWENSTEIN SANDLER, P.C.
65 Livingston Ave
Roseland, N.J. 07068

Neil B. Glassman
Asley B. Stitzer
Mary E. Augustine
222 Delaware Avenue
Suite 900
Wilmington, Delaware 19808

X BY MAIL
I deposited such envelope in the U.S. Mail at Orange, California, with postage thereon fully prepaid.

X I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice mail would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 14, 2005 at Orange, California.



GARY E. HICKMAN
Attorney at Law
1800 West Katella Avenue, Suite 101
Orange, California 92867